IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>$9,965.00 IN U.S. CURRENCY,<br><br>Defendant *in Rem*. | Civil No. 4:24-cv-__91__ |

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

COMES NOW the plaintiff, the United States of America, by and through its counsel, Jessica D. Aber, United States Attorney for the Eastern District of Virginia, and Kevin Hudson, Assistant United States Attorney, as well as Ariana Lazzaroni, Special Assistant United States Attorney, and brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

**NATURE OF THE ACTION**

1. The United States brings this action *in rem* seeking the forfeiture of all right, title, and interest in the defendant *in rem* identified in the case caption above (the "Defendant Property").

2. The Defendant Property constitutes proceeds of violations of 21 U.S.C. § 841(a)(1) (Distribution of Cocaine, a Schedule II controlled substance) and 21 U.S.C. § 846 (Conspiracy to Distribute and Possess with Intent to Distribute Cocaine, a Schedule II controlled substance) and as such, it is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

## THE DEFENDANT *IN REM*

3. The Defendant Property was seized on April 25, 2022, from Cesar Perez's black Range Rover vehicle being operated in James City County, within the Eastern District of Virginia. The Defendant Property is currently in the possession of Customs and Border Protection in Norfolk, Virginia.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over actions commenced by the United States under 28 U.S.C. § 1345 and over forfeiture actions pursuant to 28 U.S.C. § 1355(a) and (b).

5. This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. § 1355(b)(1)(A) because the acts and omissions giving rise to the forfeiture took place in the Eastern District of Virginia. In addition, the Court has *in rem* jurisdiction under 28 U.S.C. § 1355(b)(1)(B) because the defendant property is found within the Eastern District of Virginia, and 28 U.S.C. § 1395(b) provides for forfeiture of property in the district in which the property is found.

6. Venue is proper within this judicial district under 28 U.S.C. § 1355(b)(1)(A) because acts and omissions giving rise to the forfeiture took place in the Eastern District of Virginia, and under 28 U.S.C. § 1355(b)(1)(B) and 28 U.S.C. § 1395(b) because the defendant property is located in this district.

## FACTUAL ALLEGATIONS

7. From June 2021 until March 2022, law enforcement conducted a court-authorized Title III wiretap on the Levell Batts, Sr. drug trafficking organization. On January 17, 2023, Levell Batts, Sr. was sentenced to 151 months in prison for conspiracy to possess with intent to

distribute and distribute cocaine, heroin, and fentanyl in Eastern District of Virginia case number 4:22-cr-18.

8. On February 14, 2022, law enforcement intercepted pertinent phone conversations indicating that Terell Williams, an associate of Levell Batts, Sr., was arranging a shipment of narcotics the following day.

9. On February 15, 2022, law enforcement established surveillance on Terell Williams. Law enforcement first observed Williams outside the residence of one of his associates. Since Williams appeared to be conducting countersurveillance, law enforcement terminated their surveillance.

10. Later on February 15, 2022, law enforcement re-established surveillance on Williams in the vicinity of his girlfriend's residence in Virginia Beach. Williams again eluded surveillance. Simultaneously, a call was intercepted between Williams and a co-conspirator wherein Williams said that he was meeting someone on Military Highway to drop off money.

11. Approximately twenty minutes later, law enforcement re-established surveillance on Williams and observed him entering and exiting his girlfriend's residence. Approximately one and a half hours later, a traffic stop was conducted on Williams where he was arrested following the seizure of three ounces of fentanyl and over $16,000. A subsequent search warrant executed on the residence of Williams' girlfriend yielded over eleven kilograms of fentanyl, over 500 grams of black tar heroin, over one and a half kilograms of cocaine, and over $145,000 in U.S. currency.

12. Investigators then conducted a search warrant on one of the phones seized from Williams. A review of toll activity and global positioning data from that phone showed that both times when Williams evaded law enforcement surveillance, he had traveled to the La Quinta

hotel at 1387 North Military Highway in Norfolk. Williams had also used his phone to contact Cesar Perez just before leaving the La Quinta hotel on both occasions.

13. On June 27, 2023, Williams was sentenced to 168 months in prison for conspiracy to possess with intent to distribute and distribute cocaine, heroin, and fentanyl.

14. According to Customs and Border Protection border crossing records, on February 20, 2022, Perez and Donte Sawyer were both in Baja California, Mexico when they crossed into the United States via the San Ysidro, California Port of Entry together in the same vehicle.

15. During the week of April 18, 2022, members of Homeland Security Investigations (HSI) San Diego were conducting electronic surveillance on Perez's Black Range Rover. On April 24, 2022 at approximately 6:30pm, surveillance units located Perez's vehicle traveling eastbound on Interstate64. Shortly thereafter, Perez exited the highway and parked in the vicinity of the City Center Inn at 945 J. Clyde Morris Blvd in Newport News, Virginia. Perez and a co-conspirator later exited the vehicle and entered the hotel.

16. On April 25, 2022, at approximately 9:30am, Sawyer parked in the vicinity of the hotel and entered with a bag. He then walked to Perez's room where the room door was slightly ajar and Sawyer entered the room. After a short time, Sawyer exited the hotel, reentered his vehicle, and departed the area.

17. At approximately 10:23am, the Virginia State Police Interdiction Team conducted a traffic stop on Sawyer's vehicle for following too closely, however the stop was at the request of federal law enforcement because they suspected Sawyer and Perez of a felony drug trafficking offense. During this stop, a canine alerted to the presence and/or odor of narcotics in the vehicle. A search of the vehicle revealed five kilograms of cocaine in the trunk of Sawyer's vehicle.

18.     Sawyer was transported to the Newport News Central Precinct for questioning. After having been advised of Miranda, Sawyer made statements implicating himself and Perez in a conspiracy to distribute five kilograms of cocaine.

19.     At approximately 11:40am, Perez and a co-conspirator exited the City Center Inn, entered Perez's Range Rover with bags, and placed them within the rear hatch of the SUV. Perez and the co-conspirator then entered the Range Rover and departed the area with surveillance units following.

20.     At 1:01pm, the Virginia State Police Interdiction Team conducted a traffic stop on Perez's Range Rover in the vicinity of Opportunity Way in James City County. A canine alerted to the presence and/or odor of narcotics in the vehicle. A search of the vehicle revealed an aftermarket compartment, also known as a "trap", built into the spare tire well of the vehicle. The amount of U.S. Currency located and seized within this compartment was $109,965. The currency represented the funds Sawyer paid Perez for the five kilograms of cocaine in Sawyer's possession at the time of his arrest.

21.     On April 20, 2023, Perez pleaded guilty in the U.S. District Court for the Eastern District of Virginia, case number 4:22-cr-41, to conspiracy to possess with intent to Distribute 500 grams or more of a mixture containing cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B) (the "Plea"). In support of that guilty plea, Perez stipulated to a statement of facts containing the same essential facts contained in this Complaint.

22.     At his change of plea hearing, Perez also agreed to the entry of a consent order of forfeiture for $100,000 in U.S. currency, which the Court entered on April 24, 2023. The U.S. currency named in that consent order of forfeiture erroneously rounded the currency seized from Perez on April 25, 2022 to $100,000, when the true amount was $109,965.

23. The United States now seeks to recover the difference between the amount forfeited in the consent order of forfeiture, and the amount of drug proceeds actually recovered from Perez on April 25, 2022, that difference being $9,965.

## CLAIM FOR RELIEF
### (Forfeiture under 21 U.S.C. § 881(a)(6))

24. The United States incorporates by reference Paragraphs 1 through 23 as if fully set forth herein.

25. Title 21, United States Code, Section 881(a)(6) subjects to forfeiture, "[a]ll moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter."

26. As set forth above, the Defendant Property constitutes proceeds of violations of 21 U.S.C. § 841(a)(1) (Distribution of Cocaine, a Schedule II controlled substance) and 21 U.S.C. § 846 (Conspiracy to Distribute and Possess with Intent to Distribute Cocaine, a Schedule II controlled substance).

27. As such, the Defendant Property is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

## PRAYER FOR RELIEF

WHEREFORE, plaintiff requests that judgment be entered in its favor against the Defendant Property; that pursuant to law, notice be provided to all interested parties to appear and show cause why the forfeiture should not be decreed; that the defendant property be forfeited to the United States of America and delivered into its custody for disposition according to law;

that plaintiff be awarded its costs and disbursements in this action; and for such and further relief as this Court may deem just and proper.

Dated:  June   25  , 2024

                Respectfully submitted,

                JESSICA D. ABER
                UNITED STATES ATTORNEY

By:     /s/
       Ariana Lazzaroni
       Special Assistant United States Attorney
       Attorney for the United States
       2100 Jamieson Avenue
       Alexandria, Virginia 22314
       Office Number: (703) 299-3700
       Facsimile Number: (703) 299-3982
       Email Address:  ariana.lzzaroni2@usdoj.gov

By:     /s/Kevin Hudson
       Kevin Hudson
       Assistant United States Attorney
       Virginia State Bar No. 81420
       Attorney for the United States
       11815 Fountain Way, Suite 200
       Newport News, Virginia 23606
       Office Number: (757) 591-4000
       Facsimile Number: (757) 591-0866
       Email Address:  kevin.hudson@usdoj.gov

## VERIFICATION

I, Harry Chang, Special Agent, Homeland Security Investigations, declare under penalty of perjury as provided by 28 U.S.C. § 1746, that the foregoing Complaint for Forfeiture *in Rem* is based on information known by me personally and/or furnished to me by various federal, state, and local law enforcement agencies, and that everything contained herein is true and correct to the best of my knowledge.

Executed at __Norfolk__, Virginia, this __21__ day of __June__, 2024.

_____
Harry Chang
Special Agent
Homeland Security Investigations